1

IN THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS
GENERAL TRIAL DIVISION
NEW PHILADELPHIA, OHIO 44663

SCOTT A. SHOOK  47414
1114 Larkin Drive S.W.
New Philadelphia, Ohio 44663
    PLAINTIFF,

-vs-

DAVID CIMPERMAN -  47415
both Individually and Officially as
a New Philadelphia, Ohio Police Officer
1841 Esther Avenue
Akron, Ohio 44312

and

JEFF URBAN, CAPTAIN  47416
New Philadelphia Police Department
122 Second Street S.E.
New Philadelphia, Ohio 44663

and

CITY OF NEW PHILADELPHIA POLICE DEPARTMENT and  47417
THOMAS STAGGERS, CHIEF OF POLICE
122 Second Street S.E.  47418
New Philadelphia, Ohio 44663

and

CITY OF NEW PHILADELPHIA and  47419
RONALD BRODZINSKI, MAYOR
166 E. High Avenue  47420
New Philadelphia, Ohio 44663

    DEFENDANTS.

CASE NO.: 2001 CV 12 0704

JUDGE: _____

COMPLAINT

## INTRODUCTION

1. The Defendant New Philadelphia Police Department is the duly created and administered law enforcement agency of and for the City of New Philadelphia, Ohio.

2. The Defendant City of New Philadelphia, Ohio is a local municipal governmental entity and as such is political subdivision.

3. At all relevant times herein, Defendant Thomas Staggers was a law enforcement officer employed by the City of New Philadelphia, Ohio as the Chief of Police for the New Philadelphia Police Department and was Defendant Cimperman's and Defendant Urban's supervisor.

4. At all relevant times herein, Defendant Ronald Brodzinski was the Mayor of and for the City of New Philadelphia, Ohio and was Defendant Cimperman's and Defendant Urban's supervisor.

5. At all relevant times herein, Defendant David Cimperman was a law enforcement officer employed by the City of New Philadelphia, Ohio as a Captain with the New Philadelphia Police Department.

6. At all relevant times herein, Defendant Jeff Urban was a law enforcement officer employed by the City of New Philadelphia, Ohio as a Captain with the New Philadelphia Police Department.

7. At all relevant times herein, the complained of conduct and actions occurred in the Township of Goshen, County of Tuscarawas, State of Ohio.

8. All charges and actions instituted against the Plaintiff in Tuscarawas County Court of

Common Pleas cases numbered 2000 CR-12-0293 and 2000 CV 12 0662 were dismissed in their entirety.

9. The dismissal of all charges and actions against the Plaintiff in said cases was due to the illegal conduct and action by the Defendants.

10. At all relevant times herein, Defendants acted willfully, wantonly, maliciously or with a reckless disregard for the rights of the Plaintiff.

11. At all relevant times herein, Plaintiff owned the premises located at 310 Front Avenue S.E., New Philadelphia, Ohio.

**FIRST CLAIM - TRESPASS**

12. Paragraphs 1 through 11 are incorporated by reference as if fully rewritten herein.

13. In August, 2000 Defendants David Cimperman, Jeff Urban and other officers of the New Philadelphia Police Department, without privilege and without the invitation or consent of the Plaintiff or another person authorized to grant the required consent, unreasonably and unlawfully entered the basement of the Plaintiff's structure located at 310 Front Avenue S.E., New Philadelphia, Ohio for their own purposes or convenience, which conduct and actions constitute a trespass.

14. Plaintiff has suffered damages as a result of said trespass.

**SECOND CLAIM - MALICIOUS PROSECUTION**

15. Paragraphs 1 through 14 are incorporated by reference as if fully rewritten herein.

16. After having unlawfully entered the Plaintiff's premises, Defendants obtained a search warrant to reenter and again search the Plaintiff's structure located at 310 Front Avenue. S.E., New Philadelphia, Ohio.

17. The search warrant was unlawfully obtained for lack of valid probable cause and/or was defective for lack of particularity and specificity.

18. Based upon the unlawful conduct and action by the Defendants, the Plaintiff was indicted for alleged felony offenses in Tuscarawas County Court of Common Pleas case 2000 CR 12 0293.

19. Based upon the unlawful conduct and actions by the Defendants, the Plaintiff was unlawfully arrested, taken into custody and incarcerated in the Tuscarawas County Justice Center.

20. Based upon the Defendants unlawful conduct, actions and unlawful searches, the Defendant City of New Philadelphia and the Defendant New Philadelphia Police Department seized the Plaintiff's Real property located at 310 Front Avenue S.E., New Philadelphia, Ohio and sought the Forfeiture of the Plaintiff's Real property to the Defendants in Tuscarawas County Court of Common Pleas case 2000 CV 12 0662.

21. As a result of the Defendants unlawful conduct and actions, both the Plaintiff's person and real property were unreasonably and unlawfully seized.

22. Thereafter, in April, 2001, Defendant David Cimperman provided untrue, sworn testimony against the Plaintiff in case 2000 CR 12 0293.

23. As a result of the Defendants unreasonable and unlawful conduct and actions, the actions against the Plaintiff in cases 2000 CR 12 0293 and 2000 CV 12 0662 were dismissed in their entirety.

24. Plaintiff has suffered damages and injuries as a result of Defendants unlawful and unreasonable actions and conduct.

### THIRD CLAIM - FALSE ARREST

25. Paragraphs 1 through 24 are incorporated by reference as if fully rewritten herein.

26. As a result of the Defendants unlawful conduct and actions, the Plaintiff was intentionally confined within a limited area for an appreciable time, all against his will and without lawful justification, and the same constitutes a false arrest.

27. As a result of Defendants unlawful and unreasonable conduct and actions, Plaintiff has suffered damages and injuries.

### FOURTH CLAIM - ASSAULT / BATTERY

28. Paragraphs 1 through 27 are incorporated by reference as if fully rewritten herein.

29. As a result of the Defendants unlawful actions and conduct complained of herein, the Plaintiff was unreasonably and unlawfully taken into custody, arrested and incarcerated.

30. Plaintiff was subjected to intentional, harmful and offensive contact and touching that included but was not limited to being physically restrained, strip searched and deloused, and the same said conduct being an assault and a battery against the Plaintiff.

31. Plaintiff has suffered damages and injuries as a result of the Defendants unreasonable and unlawful conduct and actions.

### FIFTH CLAIM - NEGLIGENCE

32. Paragraphs 1 through 31 are incorporated by reference as if fully rewritten herein.

33. The Defendants City of New Philadelphia, New Philadelphia Police Department, Chief of Police Thomas Staggers and Mayor Ronald Brodzinski have a duty to properly hire, retain, train, educate and supervise their police officers

6

34. The Defendants City of New Philadelphia, New Philadelphia Police Department, Chief of Police Thomas Staggers and Mayor Ronald Brodzinski have a duty to employ police officers who are qualified, certified, competent, trustworthy, honest, truthful and fit persons who are above reproach and who will, at all times, abide lawfully and by the standards of conduct for police officers.

35. Defendants have a duty to ensure the civil rights of the residents of the City of New Philadelphia, such as the Plaintiff herein, are not violated.

36. Defendants violated their duties, including but not limited to, being negligent in their hiring, retaining, educating, training or in properly supervising their police officers.

37. Defendants further violated their duties, including but not limited to, being negligent in ensuring their police officers met the standards of conduct for police officers, in ensuring their police officers received the necessary training and education, in ensuring their police officers fully understood the training and education provided, in ensuring their police officers were capable of properly placing into actual practice the training and education that was provided to them.

38. Defendants further violated their duties, including but not limited to, being negligent in ensuring their police officers had the necessary understanding, qualifications, competence, trustworthiness, fitness, honesty or experience required as and by a police officer.

39. Defendants further violated their duties, including but not limited to, being negligent as to ensuring their police officers: could and would lawfully and properly execute searches and seizures; could and would lawfully and properly obtain valid and proper search warrants; could and would lawfully, validly and properly effect arrests or to cause the same to

7

occur; and could and would testify in a court of law truthfully.

40. As a proximate result of the Defendants City of New Philadelphia, New Philadelphia Police Department, Mayor and Chief of Police's negligence and failures towards their duties, Plaintiff suffered injuries and damages.

## SIXTH CLAIM - DEFAMATION

41. Paragraphs 1 through 40 are incorporated by reference as if fully rewritten herein.

42. Defendants herein complained of conduct and actions caused injury to Plaintiff's reputation, exposed him to public hatred, contempt, ridicule, shame or disgrace, or adversely affected his trade or business.

43. Plaintiff suffered injuries and damages as a result of Defendants unlawful actions and conduct.

## SEVENTH CLAIM - Ohio Civil Rights Violations

44. Paragraphs 1 through 43 are incorporated by reference as if fully rewritten herein.

45. At all relevant times herein, Defendant David Cimperman and Defendant Jeff Urban were law enforcement officers employed by the Defendant City of New Philadelphia and the Defendant New Philadelphia Police Department and, as such, were public servants.

46. At all relevant times herein and while acting as a New Philadelphia City law enforcement officer, Defendants David Cimperman and Jeff Urban acted under the color of their employ, office or authority during the herein complained of conduct and action taken against the Plaintiff.

47. Defendants acted knowingly at all relevant times for the herein complained of conduct and actions against the Plaintiff.

48. At all relevant times herein, Defendants deprived the Plaintiff or caused the Plaintiff to be deprived of his Ohio constitutional and/or statutory rights.

49. In so acting Defendants deprived or caused the Plaintiff to be deprived of his various Rights in violation of Ohio Law, including but not limited to his Rights as established and secured by the Ohio Constitution and/or R.C. 2921.45.

50. Plaintiff suffered damages and injuries as a result of Defendants unlawful actions and conduct.

**EIGHTH CLAIM - U.S. Code, Title 42, Section 1983 Federal Civil Rights Violations**

51. Paragraphs 1 through 50 are incorporated by reference as if fully rewritten herein.

52. The Defendants herein complained of actions and conduct against the Plaintiff deprived him or caused him to be deprived of his various rights as established and secured by the Constitution or Laws of the United States and such deprivation by the Defendants was under the color of state law.

53. Defendants deprived Plaintiff of said rights in violation of Section 1983, Title 42, U.S. Code.

54. Plaintiff suffered damages and injuries as a result of Defendants unlawful actions and conduct.

**DAMAGES**

55. Paragraphs 1 through 54 are incorporated by reference as if fully rewritten herein.

56. As a result of the Defendants above complained of actions and conduct, Plaintiff has been injured and has suffered damages including but not limited to: the violations to and loss of both his Ohio State and U.S. civil rights; pain and suffering; the unlawful entry into his

premises; the unlawful search of his property; the unlawful seizure of his realty property; the unlawful arrest, seizure, confinement and incarceration of his person; personal and business financial losses including but not limited to, lost profits and lost sales; damage to his reputation in the community; and legal costs and fees to defend in the underlying and related matters as well as his legal costs and expenses to prosecute this Complaint and for future actions.

**RELIEF DEMANDED**

**WHEREFORE**, Plaintiff prays for relief, jointly and severally, against the Defendants, in an amount of Twenty-Five Thousand Dollars ( $ 25,000.00) or more, plus punitive damages, plus his reasonable attorney fees, plus interest at the rate of 10% per annum from judgment date, plus the costs of this action, plus any other relief in law or equity deemed necessary, proper just and appropriate.

Respectfully submitted,

David L. Blackwell, Atty. Reg. # 0063396  47421
Attorney for Plaintiff
3405 Curtis Road S.E.
New Philadelphia, Ohio 44663
330-339-2806

**PRAECIPE FOR SERVICE**

To the Clerk:
Please issue and serve each of the Defendants with a summons together with a copy of this Complaint, by Certified Mail, Return Receipt requested; or, by other acceptable service means provided by law and rule; in care of the addresses listed in the caption of this Complaint.

Served 12-21-01
Please issue and serve Atty. Thomas M. Hanculak, Attorney for David Cimperman, with a Summons together with a copy of this Complaint, by Certified Mail, Return Receipt requested, c/o 1360 SOM Center Road, Cleveland, Ohio 44124.

David L. Blackwell, Attorney for Plaintiff