IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. SHOOK | ) | CASE NO.: 5:02CV 90 |
| | ) | |
| Plaintiff, | ) | JUDGE DOWD |
| | ) | MAGISTRATE JUDGE GALLAS |
| | ) | |
| vs. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| | ) | |
| DAVID CIMPERMAN | ) | (Jury Demand Endorsed Heron) |
| | ) | |
| Defendant. | ) | |

Now comes Defendants, Jeff Urban, the City of New Philadelphia Police Department, Chief of Police Thomas Staggers of the New Philadelphia Police Department, City of New Philadelphia, and Mayor Ronald Brodzinski of the City of New Philadelphia, by and through counsel, and for their Answer to Plaintiff's Complaint state as follows:

1.  These answering Defendants admit the allegations in paragraphs (1) and (2) of Plaintiff's Complaint.

2.  Answering paragraph (3) of Plaintiff's Complaint, these Defendants admit that Thomas Staggers has been Chief of the City of New Philadelphia Police Department continuously since 1986. Furthering answering, these Defendants admit that Chief Staggers has been the supervisor of Defendants Cimperman and Urban. Further

1

answering, these Defendants deny each and every and all of the allegations contained in paragraph (3) not expressly admitted.

3. Answering paragraph (4), these Defendants admit that Ronald Brodzinski is the Mayor of the City of New Philadelphia. Further answering paragraph (4), these Defendants deny that Mayor Brodzinski was the direct supervisor of Defendants Cimperman and Urban. Further answering, these Defendants deny each and every and all of the allegations contained in paragraph (4) not expressly admitted.

4. The allegations contained in paragraph (5) are directed at Defendant Cimperman and require no responsive pleading from these answering Defendants.

5. Answering paragraph (6), these Defendants admit that Jeff Urban has been a law enforcement officer employed by the City of New Philadelphia since 1980. These Defendants further admit that Jeff Urban presently holds the rank of Captain with the New Philadelphia Police Department. Further answering paragraph (6), these Defendants deny each and every and all of the remaining allegations contained therein not expressly admitted.

6. These answering Defendants admit the allegations in paragraphs (7) and (8).

7. These Defendants deny the allegations in paragraphs (9) and (10).

8. Answering paragraph (11), these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

9. Answering paragraph (12), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (8) as if fully rewritten herein.

10. These Defendants deny the allegations in paragraphs (13) and (14).

11. Answering paragraph (15), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (10) as if fully rewritten herein.

12. Answering paragraph (16), these Defendants admit that a search warrant was obtained to search the structure located at 310 Front Avenue SE, New Philadelphia, Ohio. Further answering paragraph (16), these Defendants deny each and every and all of the allegations contained therein not expressly admitted.

13. These Defendants deny the allegations in paragraphs (17), (18), and (19) of Plaintiff's Complaint.

14. Answering paragraph (20) of Plaintiff's Complaint, these Defendants admit upon information and belief that a forfeiture action was instituted in relation to real property located at 310 Front Avenue SE, New Philadelphia, Ohio. Further answering paragraph (20), these Defendants deny each and every and all of the allegations contained therein not expressly admitted.

15. These Defendants deny the allegations in paragraph (21).

16. Answering paragraph (22), these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

17. Answering paragraph (23), these Defendants admit that Case Numbers 2000CR12 0293 and 2000CV12 0662 were dismissed. Further answering paragraph (23), these Defendants deny each and every and all of the remaining allegations contained therein not expressly admitted.

18. These Defendants deny the allegations in paragraph (24).

19. Answering paragraph (25), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (18) as if fully rewritten herein.

20. These answering Defendants deny the allegations in paragraphs (26) and (27) of Plaintiff's Complaint.

21. Answering paragraph (28) of Plaintiff's Complaint, these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (20) as if fully rewritten herein.

22. These Defendants deny the allegations in paragraphs (29), (30), and (31) of Plaintiff's Complaint.

23. Answering paragraph (32), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (22) as if fully rewritten herein.

24. These Defendants admit the allegations in paragraphs (33), (34), and (35) of Plaintiff's Complaint.

25. These Defendants deny the allegations in paragraphs (36), (37), (38), (39), and (40) of Plaintiff's Complaint.

26. Answering paragraph (41), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (25) as if fully rewritten herein.

27. These answering Defendants deny the allegations in paragraphs (42) and (43) of Plaintiff's Complaint.

28. Answering paragraph (44), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (27) as if fully rewritten herein.

29. These answering Defendants admit the allegations in paragraph (45).

30. Answering paragraph (46), these Defendants admit that Defendants Cimperman and Urban acted under color of law. Further answering paragraph (46), these Defendants deny each and every and all of the remaining allegations contained therein not expressly admitted.

31. These answering Defendants deny the allegations in paragraphs (47), (48), (49), and (50) of Plaintiff's Complaint.

32. Answering paragraph (51), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (31) as if fully rewritten herein.

33. These answering Defendants deny the allegations in paragraphs (52), (53), and (54) of Plaintiff's Complaint.

34. Answering paragraph (55), these Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (33) as if fully rewritten herein.

35. These answering Defendants deny the allegation in paragraph (56) of Plaintiff's Complaint.

**FIRST DEFENSE**

36. These answering Defendants reallege all of the admissions, denials, and averments in paragraphs (1) through (35) as if fully rewritten herein.

37. All or a part of Plaintiff's Complaint fails to state a claim upon which relief can be granted as against these answering Defendants.

**SECOND DEFENSE**

38. All or a part of Plaintiff's Complaint is barred by the applicable statute of limitations.

**THIRD DEFENSE**

39. Plaintiff has failed to join all necessary and indispensable parties in the within cause.

**FOURTH DEFENSE**

40. At all times material hereto, these answering Defendants acted in good faith.

**FIFTH DEFENSE**

41. At all times material hereto, these answering Defendants were under a duty to act.

## SIXTH DEFENSE

42. These answering Defendants are qualifiedly immune from Plaintiff's Complaint.

## SEVENTH DEFENSE

43. To the extent that Plaintiff sustained any or all of the losses, damages, and injuries alleged, which this answering Defendant denies, then said losses, damages, and injuries were the direct and proximate result of the acts or actions of persons or entities other than these answering Defendants.

## EIGHT DEFENSE

44. Pleading in the alternative to the extent that Plaintiff sustained any or all of the losses, damages, and injuries alleged, which these answering Defendants deny, then said losses, damages, and injuries were the direct and proximate result of the primary and active negligence of Plaintiff, which primary and active negligence exceeded the secondary and passive negligence of any of these answering Defendants.

## NINTH DEFENSE

45. All or part of Plaintiff's Complaint is barred by the immunity provisions contained in ORC 2744.01 et seq.

## TENTH DEFENSE

46. Defendants have a qualified privilege in relation to Plaintiff's claims of defamation.

## ELEVENTH DEFENSE

47. The City of New Philadelphia Police Department is not *sui juris*.

## TWELFTH DEFENSE

48. At all times material hereto, Defendant's spoke the truth which is a complete defense to Plaintiff's claim of defamation.

WHEREFORE, having fully answered, Defendants Jeff Urban, the City of New Philadelphia, the City of New Philadelphia Police Department, Police Chief Staggers, and Mayor Ronald Brodzinski, pray that Plaintiff's Complaint be dismissed and they go hence without cost.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A


s/ Todd M. Raskin
TODD M. RASKIN (0003625)
 e-mail:  traskin@mrrlaw.com
CARL E. CORMANY (00019004)
 e-mail:  ccormany@mrrlaw.com
100 Franklin's Row's Row
34305 Solon Road
Cleveland, OH   44139
(440) 248-7906
(440) 248-8861  facsimile

Attorneys for Jeff Urban, the City of New Philadelphia Police Department, Chief of Police Thomas Staggers of the New Philadelphia Police Department, City of New Philadelphia, and Mayor Ronald Brodzinski of the City of New Philadelphia

OF COUNSEL:   Michael Johnson, Esq. (0011845)
Law Director, City of New Philadelphia
117 South Broadway
New Philadelphia, OH 44663

# CERTIFICATE OF SERVICE

    I hereby certify that on February 11, 2002, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/ Todd M. Raskin
TODD M. RASKIN (0003625)
CARL E. CORMANY (00019004)

Attorneys for Jeff Urban, the City of New Philadelphia Police Department, Chief of Police Thomas Staggers of the New Philadelphia Police Department, City of New Philadelphia, and Mayor Ronald Brodzinski of the City of New Philadelphia

OF COUNSEL:    Michael Johnson, Esq.
Law Director, City of New Philadelphia
117 South Broadway
New Philadelphia, OH 44663

G:\TMR912\020015\Pleadings\ANSWER.DOC